Per Curiam.

This case is submitted on appeal on the testimony taken in the common pleas court.
Counsel agree that the matter of letting this contract “to the lowest responsible bidder” is by Revised Statutes, 2966-8, 28, lodged in the discretion of the deputy state supervisors of elections of Hamilton county, and that this discretion must be a sound discretion. The presumption is that the supervisors have exercised a sound discretion, and the burden of proof is on plaintiff to show, with that clearness which is always necessary to move a court of equity to interfere, a state of facts which would constitute an abuse of discretion.
The courts can not be substituted for the deputy state supervisors of elections. Neither can the courts control the supervisors in the exercise of their discretion.. It is only when the courts find present some of the equitable grounds of fraud or mistake, or find the decision or award to be wrongful, fraudulent, collusive or arbitrary; that they can set'aside or restrain the conclusions or determinations of such á board.
The plaintiff has only seriously challenged the judgment and conduct of one of the supervisors, Mr. Griffith C. Tittle, and.except as Mr. Tittle testifies as to the opinions of his fellow supervisors on pages 23 and 24, the conduct and decision of the other three are unquestioned.
It was clearly incompetent for Mr. Tittle to testify as to the opinions of the other supervisors. This being so, there is a manifest failure of proof against Messrs Herancourt, Glazier and Yeatman, and against the board of supervisors as a body.
But coming to Mr. Tittle’s conduct and decision, he gives a reason for doing as he did. Whether this court sitting in his place would have given this reason the same consideration he gave to it, have accorded to it the same or less weight, or have in view of it come to the same decision or not, is beside the question and immaterial. The remotest and slightest increase of chances of anything interfering with the franchises of ninety thousand electors on the day of election as against *586 .an increased cost of two hundred dollars presents a ponderable question which might well honestly be resolved one way or the other. In Mr. L,ittle’s conduct and decision there certainly was nothing wrongful, fraudulent, collusive or arbitrary, and whether this court or other citizens or the plaintiff agree with him or not, there was no abuse, of discretion in awarding the contract as he voted to do.
. W. W. Ramsey, for Plaintiff.
G. C. Wilson and Oliver B. Jones, County Solicitors, for Defendants.
We find, therefore, on the facts that plaintiff has failed to ■make out a case which would entitle it to an injunction.
A restraining order will be denied.